IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:15-CR-3115 |
| vs. | |
| ANTHONY BERNARD RICHARDSON, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the presentence investigation report in this case. There are no objections or motions for departure or variance. The government, however, has filed a notice (filing 37) withdrawing its recommendation that the defendant receive a three-level downward adjustment for acceptance of responsibility.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no objections or motions that require resolution at sentencing. The government has filed a notice (filing 37) withdrawing its recommendation that the defendant receive a three-level downward adjustment for acceptance of responsibility, based upon the contents of a letter (filing 35) the defendant sent to the Court.

If a defendant clearly demonstrates acceptance of responsibility for his offense, the Court adjusts the offense level downward by two levels. U.S.S.G. § 3E1.1(a). And the government may move the Court to decrease the offense level by one additional level. § 3E1.1(b). The government agreed, in the defendant's plea agreement, to move for that additional level. Filing 27 at 4. But that recommendation was conditioned on, among other things, the defendant not "[d]en[ying] involvement in the offense, giv[ing] conflicting statements about that involvement, or [being] untruthful with the court or probation officer . . . ." Filing 27 at 4. The government contends that the defendant's letter denies involvement in the offense and contradicts other accounts of his conduct. Filing 37 at 1; *see United States v. Rendon*, 752 F.3d 1130, 1133-34 (8th Cir. 2014).

The burden to demonstrate acceptance of responsibility is the defendant's. *United States v. Rivera-Mendoza*, 682 F.3d 730, 734 (8th Cir. 2012). The issue is whether the defendant recognizes and takes affirmative responsibility for his conduct and shows remorse for it. *Id.* And a defendant who falsely denies, or frivolously contests, relevant conduct that the Court determines to be true has acted in a manner inconsistent with acceptance of responsibility. § 3E1.1 cmt. n.1(A). The extent to which the defendant's reduction for acceptance of responsibility will be determined at sentencing. *See United States v. Adams*, 197 F.3d 1221, 1223 (8th Cir. 1999).

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the

preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 18th day of April, 2016.

BY THE COURT:

*/s/ John M. Gerrard*
John M. Gerrard
United States District Judge