IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:15-CR-3115 |
| vs. | ORDER |
| ANTHONY BERNARD RICHARDSON, | |
| Defendant. | |

This matter is before the Court on the defendant's motion to appoint counsel (filing 76). The defendant's motion will be denied.

The defendant's motion asks for counsel to be appointed to pursue relief under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The defendant represents that he "has issues that were made a matter of importance by the First Step Act, and needs help with this from an attorney." Filing 76 at 1. But he does not identify what those issues are, and from a review of the record, none are apparent.

The provision of the First Step Act primarily relevant to convicted offenders, § 404, gave retroactive effect to §§ 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). As relevant, those sections increased the amount of cocaine base needed to trigger higher mandatory minimum and maximum sentences under 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) and 21 U.S.C. § 844. §§ 2-3, 124 Stat. 2372. The Fair Sentencing Act had the effect of reducing sentences for defendants convicted of offenses involving cocaine base.

But the defendant was convicted of conspiracy to distribute methamphetamine, not cocaine. Filing 48 at 1. And furthermore, the only

offenses covered by the First Step Act are those committed before the Fair Sentencing Act took effect—that is, those "committed before August 3, 2010." § 404(a), 132 Stat. 5194. The defendant was sentenced in 2015 for an offense committed between 2013 and 2015. Filing 1; filing 48. So, even if the defendant had been convicted of distributing cocaine base, the Court still could not entertain a motion under § 404 of the First Step Act because "the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." § 404(c), 132 Stat. 5194.

There is no constitutional right to appointed counsel in sentence modification proceedings. *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009). Nor does the defendant have a right to appointed counsel under the Criminal Justice Act, 18 U.S.C. § 3006A. *Harris*, 568 F.3d at 669. Whether to appoint counsel is, therefore, committed to the discretion of the Court. *See id.* The Court declines to appoint counsel in this case because the only apparent basis for filing a motion under the First Step Act would be without merit.

IT IS ORDERED that the defendant's motion to appoint counsel (filing 76) is denied.

Dated this 15th day of March, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge